IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KEVIN S. CASON                                                              PLAINTIFF

v.                                Civil No. 1:17-cv-01019

BRANDON KELLEY, Patrol Officer,
Crossett Police Department; MATT
BROOKS, Investigator, Crossett Police
Department; J W CREWS, Chief of Police,
Crossett Police Department; SCOTT
MCCORMICK, Mayor of Crossett, Arkansas;
And STEVEN PORCH, Court Appointed
Attorney                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kevin S. Cason filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March 6, 2017, in the Eastern District of Arkansas. ECF No. 2. Plaintiff filed his Motion for Leave to Proceed *in forma pauperis* ("IFP") the same day. ECF No. 1. On March 8, 2017, the case was transferred from the Eastern District of Arkansas to the Western District of Arkansas, El Dorado Division. ECF No. 3. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## BACKGROUND

Plaintiff is currently incarcerated in the Ashley County Detention Center ("ACDC") in Hamburg, Arkansas. According to Plaintiff's Complaint, he is in jail still awaiting trial on pending

1

criminal charges in Case # CR-2016-121. ECF No. 2. Plaintiff has named the following Defendants in this lawsuit: Brandon Kelley - a Patrol Officer with the Crossett Police Department; Matt Brooks - an Investigator with the Crossett Police Department; J.W. Crews - the Chief of Police of the Crossett Police Department; Scott McCormick - the Mayor of Crossett, Arkansas; and Steven Porch - Plaintiff's court appointed attorney. Plaintiff is suing Defendants in both their individual and official capacities. ECF No. 2.

Plaintiff alleges "sometime on or around 12/7/16, I looked in my discovery package (Case# CR-2016-121) and noticed that the officers involved in my case had not only lied in their statements but they planted evidence on me & stole money from me and illegally searched my vehicle & seized items (so they say) from my vehicle." ECF No. 2. Plaintiff alleges Defendant Matt Brooks filled out an evidence submission form which is inconsistent with an incident report written by Defendant Brandon Kelley. Plaintiff alleges "investigator Matt Brooks attempted to "plant" evidence on me & Officer Brandon Kelley attempted to "take" $5 - $6 of the money that was "illegally" seized from me on March 12, 2016." ECF No. 2. Plaintiff also states in his Complaint that back in December of 2016 he notified Defendants Porch, McCormick and Crews about the alleged discrepancies and issues in his pending criminal case "to no avail." ECF No. 2.

**APPLICABLE LAW**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

## DISCUSSION

Plaintiff's claims challenging the pending state criminal proceedings are barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* doctrine provides federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Because Plaintiff's state criminal case is still pending, "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger*, 401 U.S. at 56. Although a narrow exception to the *Younger* abstention doctrine exists when a criminal prosecution is initiated "to retaliate for or discourage the exercise of constitutional rights," no such bad faith is alleged here. *See Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988). Accordingly, Plaintiff's claims relating to the validity of his pending criminal charges against Defendants fail to state cognizable claims under § 1983.[1]

In addition, Plaintiff's court appointed attorney Defendant Porch is not subject to suit under § 1983. A § 1983 complaint must allege each defendant, acting under color of state law, deprived

---

[1] To the extent Plaintiff's Complaint alleges claims relating to any previous charges for which he has been convicted, such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994)

3

plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Defendant Porch is not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Defendant Porch.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 2) be **DISMISSED** with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 16th day of March 2017.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE